**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) <br> NORTHERN ILLINOIS BENEFIT FUND, ) <br> BOARD OF TRUSTEES OF THE ) <br> NORTHERN ILLINOIS PENSION FUND, ) <br> BOARD OF TRUSTEES OF THE ) <br> NORTHERN ILLINOIS EDUCATION ) <br> FUND, BOARD OF TRUSTEES OF ) <br> THE NORTHERN ILLINOIS ) <br> RETIREMENT FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SOUTH POINT, INC., ) <br> An Illinois Corporation, ) <br> ) <br> Defendant. ) | Case No.: 08 C 2925 <br><br> Honorable Judge Gottschall <br><br> Magistrate Judge Schenkier |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, South Point, Incorporated, by its attorneys Allocco, Miller & Cahill P.C., answers Plaintiffs' complaint as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

   **ANSWER:** Defendant admits the allegations in Paragraph 1(a-b).

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

   **ANSWER:** Defendant admits the allegations in Paragraph 2.

1

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 3(a-b).

4. (a) Defendant, SOUTH POINT, INC., ("South Point") is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) South Point is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant admits the allegations in Paragraph 4(a-b).

5. South Point has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees. (See copy of Memorandum of Agreement attached hereto as Exhibit "A").

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. By virtue of certain provisions contained in the collective bargaining agreements, South Point is bound by the Trust Agreement establishing the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, South Point is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. Plaintiffs are advised and believe that for the period March 2007 through present, South Point has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:** Defendant denies the allegations in Paragraph 8.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, South Point, is necessary in order to determine any further amounts the Defendant, South Point, owes to the Plaintiffs for the period from July 1, 2006 to the present.

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. Due to its failure to pay the contributions, South Point is further obligated to pay contributions in an amount shown to be due under an audit.

**ANSWER:** Defendant denies the allegations in Paragraph 10.

## COUNT II

1-8.  Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count II.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count II.

9.  The Trust Agreement states that contributions not received within the period established by the Trustees of the Funds shall be assessed liquidated damages of at least 10% of the contribution amounts due per month. The Trustees have established the 15th day of the month following the month in which hours were worked for which contributions are due. (See page 8 of Trust Agreement attached as Exhibit "B")

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10.  The Trust Agreement further states that the signatory employers "acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of [their] delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain." Further, the "Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessary of any additional proof thereof." (See page 8 of Trust Agreement attached as Exhibit "B")

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11.  Plaintiffs are advised and believe that South Point has been late on multiple occasions in its monthly contributions since at least the work month of July 2006. The total liquidated damages incurred during this period of time as a result of submitting monthly reports after the 15th of the month following the performance of covered work will be determined by an audit for the period July 1, 2006 through present.

**ANSWER:** Defendant admits it has been late in payment of contributions on occasion since July 2006 and that liquidated damages have been incurred as a result of submitting reports and paying contributions after the 15th of the month following the performance of covered work and denies the remaining allegations in Paragraph 11.

By:     /s/ Todd A. Miller
One of Defendants' Attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 23rd day of June, 2008, which will send notice of such filings to the following:

Philip Brzozowski
Arnold & Kadjan
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

          /s/ Todd A. Miller
          One of Defendants' Attorneys


Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841